IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RUFUS J. FAGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 21-0153-MU |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rufus J. Fagin brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") affirming the Social Security Administration's termination of his Period of Disability and Disability Insurance Benefits ("DIB"). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 22 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 23. Upon consideration of the administrative record, Fagin's brief, the Commissioner's brief, and oral arguments made by counsel, it is determined that the Commissioner's decision should be affirmed.[1]

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 22. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

## I.  PROCEDURAL HISTORY

On or about August 3, 2012, Fagin applied for a Period of Disability and DIB, under Title II of the Social Security Act, alleging disability beginning on May 15, 2012. (PageID. 114). On September 18, 2012, his application was approved. (*Id.*). On June 13, 2018, the Social Security Administration reviewed his case and found that his disability ceased in June of 2018 and terminated his benefits. (PageID. 131-33).  Fagin filed a Request for Reconsideration and on November 8, 2018, he presented his request to a hearing officer. (PageID. 144-48). After conducting the hearing, the hearing officer affirmed the decision to terminate his benefits. (PageID. 160-66). On January 16, 2019, Fagin requested a hearing by an Administrative Law Judge (ALJ). (PageID. 179). After hearings were held on November 5, 2019 and May 21, 2020, the ALJ issued an unfavorable decision finding that Fagin's disability ended on June 13, 2018, and he had not become disabled again since that date. (PageID. 65-79). Fagin appealed the ALJ's decision to the Appeals Council, which denied his request for review on February 9, 2021. (PageID. 54-56).

After exhausting his administrative remedies, Fagin sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on November 8, 2021. (Docs. 12, 13). Both parties filed briefs setting forth their respective positions. (Docs. 14, 19). The Court conducted oral argument on this matter on March 29, 2022.

## II.  CLAIM ON APPEAL

Fagin alleges that the ALJ's decision to terminate his benefits is in error because the ALJ did not determine at Step 2 whether Fagin's impairments met current Listing

14.11 as required by the eight-step medical improvement standard applicable in cessation cases. (Doc. 14 at p. 2).

### III. BACKGROUND FACTS

Fagin, who was born on January 21, 1970, was diagnosed with Human Immunodeficiency Virus (HIV) in 1998 but did not become sick until 2012. (PageID. 162). He was awarded disability benefits in 2012 when he met Listing 14.08B2 due to HIV infection and esophageal candidiasis which affected his bronchi. (*Id.*). At the time his benefits were terminated on June 13, 2018, these conditions had improved. Fagin contested the termination of his benefits arguing that he remains unable to work due to lower back and neck pain, for which doctors have prescribed Tylenol, shortness of breath, anxiety, and depression. (PageID. 95-97). He admits that his viral count is undetectable and that he hasn't had any problems with HIV since he started taking his medication. (PageID. 94). He has worked in the past as a tire technician. (PageID. 92). He stated that he lives in an apartment with his girlfriend and her minor son and generally engages in normal daily activities, such as, personal care, some driving, light housework, food preparation, grocery shopping, walking around the corner to visit his brother, caring for his dog and his girlfriend's preteen son, and watching television. (PageID. 98-99).

### IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ found that the most recent favorable medical decision finding that Fagin was disabled was the determination dated September 18, 2012, the comparison point decision or CPD; that at the time of the CPD, Fagin had the medically determinable impairments of HIV and esophageal

candidiasis; and that these impairments were found to have met former listing 14.08B2. The ALJ found that, through the date of her decision, Fagin had not engaged in substantial gainful activity. The ALJ further found that medical improvement occurred on June 13, 2018, and that medical improvement was related to the ability to work because, by June 13, 2018, Fagin's CPD impairments no longer met or medically equaled the same listing that was met at the time of CPD. The ALJ concluded that the medical evidence established that, since June 13, 2018, Fagin has continued to have the following medically determinable severe impairments or combination of impairments: HIV; osteopenia; lumbar spondylosis; major depressive disorder, and general anxiety disorder. The ALJ further concluded that Fagin has not had an impairment or combination of impairments which met or medically equaled the severity of a listed impairment and made the determination that, based on the impairments present since June 13, 2018, Fagin has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and carry 10 pounds frequently and 20 pounds occasionally; sit for a total of six hours during an 8-hour workday; stand and walk for a total of six hours during an 8-hour workday; frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; no climbing ladders, ropes, and scaffolds; frequently reach; no concentrated exposure to extreme heat or cold; no work around unprotected heights or dangerous machinery; can perform simple, routine, repetitive tasks with few work place changes; can have occasional and non-transactional interaction with the general public; and can sustain concentration and attention for two-hour periods. Based on this RFC, the ALJ determined that Fagin has been unable to perform past relevant work, but he can perform a significant number of

jobs in the national economy. Accordingly, she determined that Fagin's disability ended on June 13, 2018, and he has not become disabled again since that date. (PageID. 70-79).

## V. STANDARD OF REVIEW

When a claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny, or in this case terminate, benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. DISCUSSION

As set forth above, Fagin has asserted that the Commissioner's decision is in error because the ALJ did not evaluate at step 2 of the eight-step evaluation process whether his impairments met the current Listing 14.11. (Doc. 14 at p. 2). Section

5

404.1594 of the Social Security regulations states that a claimant's benefits will be discontinued if medical improvement related to the claimant's work has occurred and the claimant is currently able to engage in substantial gainful activity. 20 C.F.R. § 404.1594(a). The regulations set forth an eight-step evaluation process that is to be used in reviewing decisions regarding the continuance of disability benefits. 20 C.F.R. § 404.1594(f). To determine, in part, whether the claimant is currently able to engage in substantial gainful activity, Step 2 requires the reviewer to determine if the claimant has "an impairment or combination of impairments which meets or equals the severity of an impairment listed in appendix 1…." 20 C.F.R. § 404.1594(f)(2). Fagin argues that the ALJ erred in this evaluation by not specifically evaluating his impairments under Listing 14.11.

The Listings describe certain medical findings and other criteria that are considered so extreme as to be presumptively disabling. *See* 20 C.F.R §§ 404.1525, 416.925. To establish disability under a Listing, "a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002); *see* 20 C.F.R. §§ 404.1525(a-d), 416.925(a-d). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing 14.11 requires:

> Repeated (as defined in 14.0013) manifestations of HIV infection, including those listed in 14.11A-H, but without the requisite findings for those listings (for example, Kaposi sarcoma not meeting the criteria in 14.11E), or other

>> manifestations (including, but not limited to, cardiovascular disease (including myocarditis, pericardial effusion, pericarditis, endocarditis, or pulmonary arteritis), diarrhea, distal sensory polyneuropathy, glucose intolerance, gynecologic conditions (including cervical cancer or pelvic inflammatory disease, see 14.00F7), hepatitis, HIV-associated dementia, immune reconstitution inflammatory syndrome (IRIS), infections (bacterial, fungal, parasitic, or viral), lipodystrophy (lipoatrophy or lipohypertrophy), malnutrition, muscle weakness, myositis, neurocognitive or other mental limitations not meeting the criteria in 12.00, oral hairy leukoplakia, osteoporosis, pancreatitis, peripheral neuropathy) resulting in significant, documented symptoms or signs (for example, but not limited to, fever, headaches, insomnia, involuntary weight loss, malaise, nausea, night sweats, pain, severe fatigue, or vomiting) and one of the following at the marked level:
>
>> 1.   Limitation of activities of daily living.
>> 2.   Limitation in maintaining social functioning.
>> 3.   Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.11(I).

Here, the ALJ found that Fagin had severe impairments of HIV, osteopenia, lumbar spondylosis, major depressive disorder, and general anxiety disorder. (PageID. 70). The ALJ concluded that Fagin did not have an impairment or combination of impairments which met or medically equaled the severity of a listed impairment. (*Id.*). The ALJ specifically evaluated whether Fagin's impairments met or equaled Listing 14.08, the former listing for HIV infection, as well as Listings 1.00(b)(2)(a) and (b), 1.02, 1.04, 12.04, and 12.06, but the ALJ did not evaluate or make a finding as to whether Fagin's impairments met or equaled Listing 14.11, nor did she mention this listing. (PageID. 70-72).

The Eleventh Circuit has repeatedly held, however, that "even when an 'ALJ [does] not explicitly state that the appellant's impairments were not contained in the

listings, such a determination [may be] implicit in the ALJ's decision.'" *Bailey v. Soc. Sec. Admin., Comm'r,* 782 F. App'x 838, 841 (11th Cir. 2019) (quoting *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986)). The Eleventh Circuit has further held that the ALJ's failure to mention a specific listing is harmless error if substantial evidence supports the ALJ's finding that the claimant's impairments did not meet or equal that listing. *See Bailey,* 782 F. App'x at 842; *see also Thomas v. Saul,* Civ. A. No. 1:19-00342-N, 2020 WL 7130788, at *8 (S.D. Ala. Dec. 4, 2020) (stating, in case in which the ALJ had found that claimant "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments…," that "the Eleventh Circuit has repeatedly held that such language, while conclusory, is sufficient to satisfy the Commissioner's burden … to show consideration of all impairments, both severe and non-severe, both singly and in combination, under all relevant listings"). "Morever, when certain listings (are specifically discussed) and given 'particular attention,' that does not indicate that an ALJ failed to consider all relevant listings…." *Brown v. Kijakazi*, Case No. 7:20-cv-930-RDP, 2021 WL 5908430, at *8 (N.D. Ala. Dec. 14, 2021) (citing *Bailey,* 782 F. App'x at 842 n.5). The *Bailey* Court did, however, note that "[w]hile specific findings as to the Listings in Appendix 1 are not required, we have noted 'that it would be helpful to appellate courts if the ALJ would specifically tie his findings to particular listings that the claimant has argued.'" *Bailey,* 782 F. App'x at 842 n.5 (quoting *Barron v. Sullivan,* 924 F.2d, 227, 230 n.3 (11th Cir. 1991)).  This Court agrees that a specific evaluation of and finding as to Listing 14.11 by the ALJ would have been helpful in this case.

8

However, having reviewed the entirety of the evidence and the ALJ's decision, the Court finds that the ALJ's statement that "[s]ince June 13, 2018, the claimant has not had an impairment or combination of impairments which met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526)" is sufficient to satisfy the Commissioner's burden to consider all impairments under the listings. Substantial evidence supports a finding that Fagin has not experienced repeated manifestations of HIV infection as set forth in Listing 14.11I. The evidence shows that since June of 2018, Fagin, although HIV positive, has had a normal CD4 count, and his viral load has been essentially undetectable. (PageID. 461-86). Fagin admitted at his hearing before the ALJ that his viral count is undetectable and that he hasn't had any problems with HIV since he started taking his medication. (PageID. 94). The evidence does not show that any of his impairments are manifestations of his HIV. *See Johnson v. Berryhill,* CV 318-007, 2019 WL 2273715, at *7-8 (S.D. Ga. May 28, 2019).

In addition, there is no substantial evidence in the record to support a finding that any of Fagin's physical ailments, regardless of whether they were manifestations of his HIV, markedly limited his daily activities, social functioning, or ability to complete tasks. The evidence shows that he lives in an apartment with his girlfriend and her minor son and generally engages in normal daily activities, such as, personal care, some driving, light housework, food preparation, grocery shopping, walking around the corner to visit his brother, caring for his dog and his girlfriend's preteen son, going to church twice a week, playing video games, and watching television. (PageID. 71-72, 98-99). As noted by the ALJ in her decision, the function reports completed by Fagin and his brother, as

9

well as the medical reports, indicated that his memory was adequate and normal. (PageID. 71). There was no indication that he has difficulty getting along with others, except for when he is occasionally upset, or that he had ever been fired from a job because of problems getting along with others. (*Id.*). There were some indications that he has mild to moderate concentration problems, but he told one of his doctors that his concentration has never been good, which would show that his concentration problems are not manifestations of his HIV. (PageID. 72).

Because substantial evidence supports the ALJ's finding that Fagin's impairments did not meet or equal any of the listings, the Court concludes that any error on the part of the ALJ in not specifically discussing Listing 14.11 was harmless.

## **CONCLUSION**

Having reviewed the evidence and considered the arguments made by Fagin and being mindful of the admonishment that the reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner, the Court finds that the ALJ's decision was supported by substantial evidence. Therefore, it is **ORDERED** that the decision of the Commissioner of Social Security terminating Plaintiff's benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **21st** day of **April, 2022**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**